**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CRANSTON SERVICES, LLC, | ) | |
| On behalf of itself and all others, so | ) | |
| similarly situated, | ) | |
| | ) | CA NO. |
| *Plaintiffs*, | ) | |
| | ) | |
| vs. | ) | CLASS ACTION COMPLAINT |
| | ) | |
| VELOCITY COMMERCIAL CAPITAL, | ) | |
| LLC, U.S. BANK, NATIONAL | ) | |
| ASSOCIATION, AS INDENTURE | ) | |
| TRUSTEE FOR VCC 2022-MC1 TRUST, | ) | |
| | ) | |
| *Defendants*. | ) | |

## INTRODUCTION

1.     The Representative Plaintiff Cranston Services, LLC, on behalf of itself and all others so

similarly situated, brings this class action as described in the paragraphs set forth herein. The

Representative Plaintiff seeks damages and declaratory judgment that the Defendants third-party

servicing activity of loans in the state of Rhode Island, including, but not limited to attempted

foreclosures, foreclosures, and mortgagee's foreclosure sales, conducted by the Defendants, are

void due to the Defendants breaches of contract for failing to foreclose in a manner prescribed by

applicable law and are in violation of R.I.G.L. § 19-14.11-1. Further, the Defendants actions in

attempting to foreclose are void as Defendant U.S. Bank National Association, as Indenture

Trustee for VCC 2022-MC1 Trust is not the holder of the subject matter mortgage due to a void

assignment of said mortgage to them. Moreover, the Defendants did not properly notice the

Representative Plaintiff of the foreclosure and mortgagee's foreclosure sale by failing to serve

Notice to the Representative Plaintiff's Registered Agent for Service.

1

2.     The Representative Plaintiff herein prays this Honorable Court find that; 1) the Defendant Velocity has and continues to act as third-party loan servicer in violation of R.I.G.L. § 19-14.11-1 and is in Breach of Contract regarding the loans it is, and has been, servicing in the state of Rhode Island; 2) Defendant U.S. Bank National Association (US Bank), as Indenture Trustee for VCC 2022-MC1 Trust is not the holder of the mortgage having been assigned said mortgage via a void assignment; and 3) the Defendants failed to properly notice the foreclosure and mortgagee's sale by failing to serve notice on the Representative Plaintiff's Registered Agent for Service. The Representative Plaintiff herein prays this Honorable Court enjoin Defendant Velocity from further third party loan servicing activity, that the Defendants be Ordered to return the Representative Plaintiff and class members to their status prior to the wrongful foreclosure attempts, foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, return all servicing fees charged to the Representative Plaintiff and members of the class, during the time Defendant Velocity has not been licensed as a third party loan servicer pursuant to R.I.G.L. § 19-14.11-1, and award the Plaintiff and class members actual, exemplary, and punitive damages for the Defendants misconduct.

## **JURISDICTION AND VENUE**

3.     The events giving rise to the claims stated herein occurred in the District of Rhode Island and this venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391.

4.     Venue is proper in this Honorable Court in that this Court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. Rule 57.

5.     Pursuant to Fed. R. Civ. P. Rule 23(a)(1), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable.

6.      Pursuant to Fed. R. Civ. P. Rule 23(b)(1), there are questions of law and fact common to the class.

7.      Pursuant to Fed. R. Civ. P. Rule 23(a)(3), the claims or defenses of the Representative Plaintiff are typical of the claims or defenses of the class.

8.      Pursuant to Fed. R. Civ. P. Rule 23(a)(4), the Representative Plaintiff will fairly and adequately protect the interests of the class.

9.      Pursuant to Fed. R. Civ. P. Rule 23(b)(1)(A)&(B), prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications and may substantially impair or impede their ability to protect their interests.

10.     Pursuant to Fed. R. Civ. P. Rule 23(b)(2), the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

11.     Pursuant to Fed. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## PARTIES

12.     Representative Plaintiff Cranston Services, LLC (Cranston Services), is a Rhode Island limited liability company, and the owner of 182 Armington Street, which is the subject property as noted herein.

13.     Defendant Velocity Mortgage Capital, LLC (Velocity) is a commercial mortgage lender, headquartered at 30699 Russell Ranch Road, Suite 295, Westlake Village, CA 91362. Pursuant to the foreclosure notice as noted herein, Velocity represents, through its attorneys Brock & Scott, PLLC, that it is the servicer for U.S. Bank National Association, as Indenture Trustee for VCC 2022-MC1 Trust, purportedly the current holder of the mortgage at issue in this action. (See: Exhibit 1).

14.     Defendant U.S. Bank National Association (US Bank), as Indenture Trustee for VCC 2022-MC1 Trust, is purportedly the current holder of the mortgage at issue in this action. US Bank is headquartered at 191 South LaSalle Street, MK-IL-SL7R, Chicago, IL 60603.

15.     At all times herein mentioned, Defendants, Velocity and US Bank, both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

16.     Defendants, Velocity and US Bank had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## ALLEGATIONS OF THE REPRESENTATIVE PLAINTIFF

17.     The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

18.     The Representative Plaintiff brings these claims on behalf of itself, and all others so similarly situated.

19.     On December 13, 2019, the Representative Plaintiff executed a mortgage and note both in the amount of Two Hundred Forty-eight Thousand Five Hundred and 00/100 ($248,500.00) Dollars, to Velocity Commercial Capital, LLC as Lender. Said mortgage was secured against the

subject property and recorded in the City of Cranston, Clerk's Office, Land Evidence Records in

Book 5887 at Page 232 on December 13, 2019. ("The Cranston Services Mortgage"). (See: Exhibit

2).

20.    The Cranston Services Mortgage states at paragraph 4.2, in pertinent part as follows;

> 4.2 Remedies. This Mortgage is upon the STATUTORY
> CONDITION, and upon the further condition that all covenants of
> the Mortgagor contained in the Note, this Mortgage, and any other
> documents evidencing the Obligations, shall be kept and performed,
> and for any breach of said STATUTORY CONDITION or further
> condition, Lender shall have the STATUTORY POWER OF SALE.
>
> Said STATUTORY CONDITION AND <u>STATUTORY POWER
> OF SALE, as well as the MORTGAGE COVENANTS contained in
> the granting clause of this Mortgage, are those contained in the
> General Laws of the State of Rhode Island</u>.
>
> Provided further however, <u>to the extent permitted by law</u>,
> publication, pursuant to said SATUTORY POWER OF SALE, of
> notice of the time and place of the sale may be made by publishing
> the same at least once a week for three (3) successive weeks in a
> public newspaper published daily in the City of Providence, Rhode
> Island, and not as otherwise provided in said STATUTORY
> POWER OF SALE.
>
> (Emphasis Added).

21.    On June 7, 2022, Velocity purportedly assigned the Cranston Services Mortgage to U.S.

Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust. Said assignment was

executed by Travis Baum, Post Closing Manager of Velocity, duly notarized by Jason Conchas

Jara, California Notary Public, and recorded in the City of Cranston Clerk's Office Land Evidence

Records in Book 6503 at Page 283 on June 9, 2022. (First Assignment). (See: Exhibit 3).

22.    Subsequently, Velocity became the servicer of the Cranston Services Mortgage.

23.    On June 27, 2022, U.S. Bank National Association, as Indenture Trustee for VC 2020-

MC1 Trust purportedly assigned the Cranston Services Mortgage to U.S. Bank National

Association, as Indenture Trustee for VC 2022-MC1 Trust. Said assignment was executed by Travis Baum, stating that he was the Post Closing Manager of U.S. Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust. Said Assignment was duly notarized by Jason Conchas Jara, California Notary Public, and recorded in the City of Cranston Clerk's Office Land Evidence Records in Book 6512 at Page 4 on June 28, 2022. (Second Assignment). (See: Exhibit 4).

24. The Representative Plaintiff alleges that the Second Assignment is void as it was not executed by an employee or representative of U.S. Bank National Association (US Bank), as Indenture Trustee for VCC 2020-MC1 Trust. It was executed by Travis Baum, who represented that he was the Post Closing Manager of Velocity in the First Assignment.

25. Further, the Representative Plaintiff alleges that U.S. Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust did not order the assignment to U.S. Bank National Association, as Indenture Trustee for VC 2022-MC1.

26. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party loan servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states;

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.
>
> (b) No license shall be required of:
>
> (1) A depository institution, or an affiliate or subsidiary of a depository institution, that is controlled by, or under common control with, the depository institution and subject to the regulatory authority of the primary regulator of the depository institution.
>
> (2) A lender licensed under chapter 14 of title 19 that retains the servicing rights on a loan originally closed in the lender's name and subsequently sold, in whole or in part, to a third party, provided that

the provisions of §§ 19-14.11-2 (segregated accounts) and 19-14.11-4 (prohibited acts and practices) of this chapter shall apply to such lender.

(3) A debt-management company licensed in this state when engaged in activities permitted pursuant to its debt-management license.

(4) An attorney licensed in this state when collecting a debt on behalf of a client.

(5) Bona-fide nonprofit, organizations, exempt from taxation under section 501(c) of the Internal Revenue Code, that are approved by the Department of Housing and Urban Development as housing counseling agencies; that have a physical location in Rhode Island; and that lend state or federal funds.

27.     On May 19, 2023, Velocity, acting as third-party servicer on behalf of U.S. Bank, purportedly caused to be sent to the Representative Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 12, 2023. Velocity also caused to published said notice.

28.     The Representative Plaintiff alleges that Notice of Mortgagee's Foreclosure Sale was not served on their Registered Agent for Service, Frederic A. Marzilli at 685 Warren Avenue, East Providence, RI 02914. As such the Notice of Mortgagee's Foreclosure Sale is ineffective and void.

29.     Additionally, the Representative Plaintiff alleges that on May 19, 2023, Velocity was not a licensed lender or third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

30.     The Representative Plaintiff further alleges that upon information and belief, the specific facts of which to be obtained during discovery, Velocity has not been licensed as a lender or third-party loan servicer in the State of Rhode Island since November 2021 through present.

31.     The Representative Plaintiff alleges that Defendants attempted foreclosure and sale are in breach of the Cranston Services Mortgage which requires that the property secured by the Cranston Services Mortgage be sold pursuant to the "…<u>STATUTORY POWER OF SALE, as well as the MORTGAGE COVENANTS contained in the granting clause of [the Cranston Services] Mortgage, [which] are [the same as] those contained in the General Laws of the State of Rhode Island</u>.

32.     As all Actions of the Defendants in attempting foreclosure of the Cranston Services Mortgage and mortgagee's foreclosure sale of the property secured thereby, and the servicing by Velocity in general, since November 2021, are in violation of R.I.G.L. § 19-14.11-1, Velocity and U.S. BANK failed their obligation to the Representative Plaintiff to ensure that those actions were conducted pursuant to "<u>the General Laws of the State of Rhode Island</u>", thus breaching the Cranston Services Mortgage and failing to first comply with the terms of the mortgage prior to exercising the power of sale.

33.     As such, the notice, publication, attempted foreclosure and sale by the Defendants are in breach of the terms of the Cranston Services Mortgage.

34.     Further Defendant Velocity has, in general, serviced the Cranston Services Mortgage, collected servicing fees and charged the Representative Plaintiff's account, accordingly, had custody of Representative Plaintiff's escrow and payment funds, when not licensed as either a lender or third-party loan servicer with the Rhode Island Department of Business Regulation Division of Banking, as is required by R.I.G.L. § 19-14.11-1. As such, the Representative Plaintiff has been damaged as further noted herein.

## CLASS ALLEGATIONS

35. The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

36. The Representative Plaintiff brings this action as a Class Action pursuant to Fed. R. Civ. P. Rule 23.

37. The Representative Plaintiff sues on behalf of themselves and all real property owners or former real property owners wherein Defendants: 1) breached the terms of the Representative Plaintiff and class members mortgages by failing to adhere to the General Laws of the State of Rhode Island when attempting and conducting foreclosures and mortgagee's sales between November 1, 2021, through June 7, 2023; 2) violated R.I.G.L. § 19-14.11-1 by acting as a third-party loan servicer in the State of Rhode Island without a lender and/or third-party loan servicer license; and 3) actively serviced loans generally, as a third-party loan servicer in the State of Rhode Island without licensure from the R.I. Division of Banking in violation of R.I.G.L. § 19-14.11-1; 4) assigned mortgages of members of the class ineffectively by having Velocity Employees execute assignments as though they were employees of a different company; and 5) failed to properly serve Notice of Mortgagee's Foreclosure Sales on class members' Registered Agents for Service.

38. The gravity of harm to the Representative Plaintiff and members of the class resulting from the Defendants wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

39. Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

40.     The Representative Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their property, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

41.     The Representative Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

42.     The Representative Plaintiff and members of the class seek actual, exemplary, punitive, and monetary damages.

43.     The Representative Plaintiff claims on behalf of themselves, and all others, so similarly situated that the Defendant's breaches of mortgage contracts and violations of R.I.G.L. § 19-14.11-1, are the direct causes of the harms alleged herein.

44.     Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

45.     The Representative Plaintiff does not know the exact size or identities of the members of the class since such information is in the exclusive control of Defendants. The Representative Plaintiff believes that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

46.     The Representative Plaintiff and all members of the class have been subject to and affected by the same conduct.

47.     The <u>questions of law and fact are common to the class</u> and <u>predominate over any questions affecting only individual members of the class</u>. (i.e. Commonality).

48.     The claims of the Representative Plaintiff are <u>typical of the claims of the class</u> and do not conflict with the interests of any other members of the class in that the Representative Plaintiff and the other members of the class were subject to the same conduct. (i.e. Typicality).

49.     The Representative Plaintiff will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Representative Plaintiff is committed to the vigorous prosecution of the class claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

50.     A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

51.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

52.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53.     It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

54.     The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

55.     It is desirable to concentrate the litigation of the claims in this particular forum.

56.     There are little to no difficulties likely to be encountered in the management of a classification.

## COUNT I
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

57.     The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

58.     The Representative Plaintiff brings these claims on behalf of itself and all others so similarly situated.

59.     In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

60.     In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner prescribed by the General Laws of the State of Rhode Island is construed as a condition precedent, which requires strict compliance.

61.     The Cranston Services Mortgage provides that any foreclosure and sale be conducted in a manner pursuant to the General Laws of the State of Rhode Island. The Representative Plaintiff alleges that all standard mortgage contracts by Velocity contain this obligation.

62.     In Rhode Island, a mortgagee agreeing to foreclosure and sell in a manner pursuant to the General Laws of the State of Rhode Island, must do so as agreed.

63.     In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements the mortgage is an obligation of the mortgagee. Failing to foreclose and sell in a manner pursuant to the General Laws of the State of Rhode Island, pursuant to section 4.2 of the mortgage is a breach of contract and renders a foreclosure sale void.

64.     As noted above, the Cranston Services Mortgage states at Paragraph 4.2 as follows;

4.2 Remedies. This Mortgage is upon the STATUTORY CONDITION, and upon the further condition that all covenants of the Mortgagor contained in the Note, this Mortgage, and any other documents evidencing the Obligations, shall be kept and performed, and for any breach of said STATUTORY CONDITION or further condition, Lender shall have the STATUTORY POWER OF SALE.

Said STATUTORY CONDITION AND <u>STATUTORY POWER OF SALE, as well as the MORTGAGE COVENANTS contained in the granting clause of this Mortgage, are those contained in the General Laws of the State of Rhode Island</u>.

Provided further however, <u>to the extent permitted by law</u>, publication, pursuant to said SATUTORY POWER OF SALE, of notice of the time and place of the sale may be made by publishing the same at least once a week for three (3) successive weeks in a public newspaper published daily in the City of Providence, Rhode Island, and not as otherwise provided in said STATUTORY POWER OF SALE.

(Emphasis Added).

65. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third party loan servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states;

§ 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

(b) No license shall be required of:

(1) A depository institution, or an affiliate or subsidiary of a depository institution, that is controlled by, or under common control with, the depository institution and subject to the regulatory authority of the primary regulator of the depository institution.

(2) A lender licensed under chapter 14 of title 19 that retains the servicing rights on a loan originally closed in the lender's name and subsequently sold, in whole or in part, to a third party, provided that the provisions of §§ 19-14.11-2 (segregated accounts) and 19-14.11-

4 (prohibited acts and practices) of this chapter shall apply to such lender.

(3) A debt-management company licensed in this state when engaged in activities permitted pursuant to its debt-management license.

(4) An attorney licensed in this state when collecting a debt on behalf of a client.

(5) Bona-fide nonprofit, organizations, exempt from taxation under section 501(c) of the Internal Revenue Code, that are approved by the Department of Housing and Urban Development as housing counseling agencies; that have a physical location in Rhode Island; and that lend state or federal funds.

66.    On June 7, 2022, Velocity purportedly assigned the Cranston Services Mortgage to U.S. Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust. Said assignment was executed by Travis Baum, Post Closing Manager of Velocity, duly notarized by Jason Conchas Jara, California Notary Public, and recorded in the City of Cranston Clerk's Office Land Evidence Records in Book 6503 at Page 283 on June 9, 2022. (First Assignment). (See: Exhibit 3).

67.    Subsequently, Velocity became the servicer of the Cranston Services Mortgage.

68.    On June 27, 2022, U.S. Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust purportedly assigned the Cranston Services Mortgage to U.S. Bank National Association, as Indenture Trustee for VC 2022-MC1 Trust. Said assignment was executed by Travis Baum, stating that he was the Post Closing Manager of U.S. Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust. Said Assignment was duly notarized by Jason Conchas Jara, California Notary Public, and recorded in the City of Cranston Clerk's Office Land Evidence Records in Book 6512 at Page 4 on June 28, 2022. (Second Assignment). (See: Exhibit 4).

69.    The Representative Plaintiff alleges that the Second Assignment is void as it was not executed by an employee or representative of U.S. Bank National Association (US Bank), as

Indenture Trustee for VCC 2020-MC1 Trust. It was executed by Travis Baum, who represented that he was the Post Closing Manager of Velocity in the First Assignment.

70.     Further, the Representative Plaintiff alleges that U.S. Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust did not order the assignment to U.S. Bank National Association, as Indenture Trustee for VC 2022-MC1.

71.     On May 19, 2023, Velocity, acting as third-party servicer on behalf of U.S. Bank, purportedly caused to be sent to the Representative Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 12, 2023. Velocity also caused to published said notice.

72.     Representative Plaintiff alleges that said Notice is ineffective and void as it was not served on the Representative Plaintiff's Registered Agent for Service. The Defendants failure to properly serve notice is in breach of contract as it does not comply with the notice requitements pursuant to Rhode Island Law.

73.     The Representative Plaintiff allege that on May 19, 2023, Velocity was not a licensed lender or third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

74.     The Representative Plaintiff further alleges that upon information and belief, the specific facts of which to be obtained during discovery, Velocity has not been licensed as a lender or third-party loan servicer in the State of Rhode Island since November 2021 through present.

75.     The Representative Plaintiff alleges that Defendants attempted foreclosure and sale are in breach of the Cranston Services Mortgage which requires that the property secured by the Cranston Services Mortgage be sold pursuant to the "…STATUTORY POWER OF SALE, as well as the MORTGAGE COVENANTS contained in the granting clause of [the Cranston Services]

Mortgage, [which] are [the same as] those contained in the General Laws of the State of Rhode Island.

76.     As all Actions of the Defendants in attempting foreclosure of the Cranston Services Mortgage and mortgagee's foreclosure sale of the property secured thereby, and the servicing by Velocity in general, since November 2021, are in violation of R.I.G.L. § 19-14.11-1, Velocity and U.S. BANK failed their obligation to the Representative Plaintiffs to ensure that those actions were conducted pursuant to "the General Laws of the State of Rhode Island", thus breaching the Cranston Services Mortgage, for the multiple reasons as alleged herein, thus failing to first comply with the terms of the mortgage prior to exercising the power of sale.

77.     As such, the notice, publication, attempted foreclosure and sale by the Defendants are in breach of the terms of the Cranston Services Mortgage.

78.     Further Defendant Velocity has, in general, serviced the Cranston Services Mortgage, collected servicing fees and charged the Representative Plaintiff's account, accordingly, had custody of Representative Plaintiff's escrow and payment funds, when not licensed as either a lender or third-party loan servicer with the Rhode Island Department of Business Regulation Division of Banking, as is required by R.I.G.L. § 19-14.11-1. As such, the Representatives have been damaged as further noted herein.

79.     All mortgage contracts of the Representative Plaintiff and members of the class contain the same obligation of the Defendants to foreclose in a manner pursuant to "the General Laws of the State of Rhode Island".

80.     The mortgage contracts entered into by the Representative Plaintiff and members of the class constitute valid offers.

81. Upon the Representative Plaintiff and members of the class executing those mortgage contracts and giving them to their Lenders, their Lenders accepted those offers.

82. Alternatively, the Representative Plaintiff and class members execution of those mortgage contracts thereby giving security interests in their property to their Lenders constitute offers. Acceptance of those offers occurred when Defendants accepted payments made by the Representative Plaintiff and members of the class pursuant to their mortgage contracts.

83. The mortgage contract was supported by consideration. The Representative Plaintiff and class members payments to Defendants constitutes consideration.

84. The Representative Plaintiff and members of the class, and Defendants thereby formed valid contracts and the Representative Plaintiff and class members were, are, and remain ready willing and able to perform under those contracts.

85. Defendants breached the mortgage contracts made with the Representative Plaintiff and class members by refusing to honor the terms of those mortgage contracts by failing to abide by "the General Laws of the State of Rhode Island" when attempting foreclosure, foreclosing and conducting mortgagee's foreclosure sales.

86. There was no compliance with the terms of the mortgages to exercise the statutory power of sale as indicated above.

87. No Foreclosure Notice was sent to the Representative Plaintiff or class members which specifically complied with obligations of the Lender as set forth in said mortgage contracts.

88. The Defendants noticed, published, attempted foreclosure, foreclosed and conducted sales of the Representative Plaintiffs and class members property, in violation of R.I.G.L. § 19-14.11-1, which breached the mortgages of the Representative Plaintiffs and class members.

89.     Due to these failures to comply with the terms of those mortgages, no entity was contractually authorized to exercise the statutory power of sale and notice, publish, attempt foreclosure, foreclose and sell at mortgagee's sale the properties of the Representative Plaintiff and members of the class. These actions constitute a breach of contract, resulting in damages to the Representative Plaintiff and members of the class.

90.     As a result of the Defendants' improper and invalid exercise of the statutory power of sale and purported foreclosure sales, the Representative Plaintiff and class members mortgage loan accounts were charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

91.     The Representative Plaintiff and class members have incurred damages in hiring attorneys, in regard to the improper actions of Defendants seeking to conduct and/or conducting foreclosures and sales without complying with applicable law.

92.     The Representative Plaintiff and class members have also incurred mental and emotional injuries and damages due to the improper forecloses and sales of their properties by Defendants without complying with the terms of their mortgages.

93.     The Representative Plaintiff and class members have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

94.     The Defendants breaches of contract and failure to comply with conditions precedent as noted herein above, are the direct cause of the harms alleged herein and not the Representative Plaintiffs and class members failure to make their mortgage payments.

95.     Therefore, the Representative Plaintiff and members of the class would not have suffered the foreclosures, sales, or the harms as noted herein were it not for the Defendants breaches of the mortgage contracts as noted herein.

96.     The Representative Plaintiff and members of the class are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void.

97.     The Representative Plaintiff and members of the class are entitled to cancellation of costs and fees assessed to them for wrongful foreclosure, together with additional damages.

98.     The Representative Plaintiff and members of the class are entitled to be returned to their status and circumstances prior to the foreclosures, and sales of their properties.

99.     The Representative Plaintiff and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## DECLARATORY JUDGMENT THAT ASSIGNMENT IS VOID

100.    The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

101.    The Representative Plaintiff brings these claims on behalf of itself, and all others so similarly situated

102.    On June 7, 2022, Velocity purportedly assigned the Cranston Services Mortgage to U.S. Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust. Said assignment was executed by Travis Baum, Post Closing Manager of Velocity, duly notarized by Jason Conchas Jara, California Notary Public, and recorded in the City of Cranston Clerk's Office Land Evidence Records in Book 6503 at Page 283 on June 9, 2022. (First Assignment). (See: Exhibit 3)

103. On June 27, 2022, U.S. Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust purportedly assigned the Cranston Services Mortgage to U.S. Bank National Association, as Indenture Trustee for VC 2022-MC1 Trust. Said assignment was executed by Travis Baum, stating that he was the Post Closing Manager of U.S. Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust. Said Assignment was duly notarized by Jason Conchas Jara, California Notary Public, and recorded in the City of Cranston Clerk's Office Land Evidence Records in Book 6512 at Page 4 on June 28, 2022. (Second Assignment). (See: Exhibit 4).

104. The Second Assignment is void as it was not executed by an employee or representative of U.S. Bank National Association (US Bank), as Indenture Trustee for VCC 2020-MC1 Trust. It was executed by Travis Baum, who represented that he was the Post Closing Manager of Velocity in the First Assignment.

105. Further, the Representative Plaintiff alleges that U.S. Bank National Association, as Indenture Trustee for VC 2020-MC1 Trust did not order the assignment to U.S. Bank National Association, as Indenture Trustee for VC 2022-MC1.

106. The Representative Plaintiff, on behalf of itself and all others so similarly situated, seeks a Declaratory Judgment that Defendants lack the authority to exercise the power of sale, as U.S. Bank National Association, as Indenture Trustee for VCC 2022-MC1 Trust is not a valid mortgage holder that can exercise the power of sale having obtained the Cranston Services Mortgage via an invalid, ineffective, and void assignment.

107. The Representative Plaintiff and class members are entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and mortgagee's foreclosure sale of the subject property are all void.

108.    The Representative Plaintiff and class members are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

109.    The Representative Plaintiff and class members are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

110.    The Representative Plaintiff and class members are entitled to be returned to their status and circumstances prior to the wrongful foreclosure and sale.

111.    The Representative Plaintiff and class members are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

<div align="center">

**COUNT III**
**DECLARATORY JUDGMENT THAT MORTGAGEE'S NOTICE**
**OF FORECLOSURE SALE IS INEFFECTIVE AND VOID**

</div>

112.    The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

113.    The Representative Plaintiff brings these claims on behalf of itself, and all others so similarly situated.

114.    The Representative Plaintiff is a Rhode Island Limited Liability Company, registered on April 25, 2017, and at all times as noted herein in good standing with the Rhode Island Secretary of State Corporations Division.

115.    As noted on the Rhode Island Secretary of State Corporations Division's public access website, Cranston Services, LLC has a Registered Agent for Service: Frederic A. Marzilli at 685 Warren Avenue, East Providence, RI 02914.

116.    The Cranston Services Mortgage is specifically noted as an "Open-End Mortgage, Commercial Mortgage…" on page one. (See: Exhibit 2).

117. The Cranston Services Mortgage was specifically given by Cranston Services, LLC and there are no additional mortgagors.

118. On May 19, 2023, Velocity, acting as third-party servicer on behalf of U.S. Bank, purportedly caused to be sent to the Representative Plaintiff a Notice of Mortgagee Foreclosure Sale.

119. Said Notice was sent to Cranston Services at 182 Armington Street, Cranston, RI 02905, 178 Armington Street, Cranston, RI 02905, and 77 Narragansett Street, Cranston, RI 02905. (See: Exhibit 1).

120. The Representative Plaintiff alleges that the Defendants failed to serve said Notice on its Registered Agent for Service, Frederic A. Marzilli at 685 Warren Avenue, East Providence, RI 02914. As such, the Notice of Mortgagee's Foreclosure Sale sent to the Representative Plaintiff is ineffective and void.

121. The Representative Plaintiff, on behalf of itself and all others so similarly situated, seeks a Declaratory Judgment that Defendants failed to properly serve Notice of Mortgagee's Foreclosure Sale and that failure renders said notice ineffective and void.

122. The Representative Plaintiff and class members are entitled to a declaratory judgment determining attempted and concluded foreclosures of their subject properties are all void due to ineffective and void service of said Notices.

123. The Representative Plaintiff and class members are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

124. The Representative Plaintiff and class members are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

125.    The Representative Plaintiff and class members are entitled to be returned to their status and circumstances prior to the wrongful foreclosure and sale.

126.    The Representative Plaintiff and class members are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: July 5, 2023

<div style="margin-left: 50%;">

Respectfully Submitted,
The Representative Plaintiff,
On behalf of itself and all those
So similarly situated,
By its Attorney,

/s/ Corey J. Allard, Esq.
Corey J. Allard, Esq. (#7476)
50 Power Road, 2nd Floor
Pawtucket, RI 02860
(401) 338-6381
callard@allardlaw.com

</div>